*Byron Bacon, for appellant.*

*Russell & Helm, for appellee.*

---

## Charles Mackey v. Commonwealth.

**Criminal Law—Dying Declaration.**

   A declaration made by a wounded person within a half of an hour after being wounded and more than forty days before he died, preceded by his statement that "he had fears that he would not recover from his wound and that he desired to make a statement, so as no false impression should go out in regard to the matter," is admissible as a dying declaration.  The statement shows that the deceased was under the belief that his wound would prove fatal.

**Facts Taken as True to Avoid Continuance.**

   A continuance of the trial is authorized on account of the absence of a witness where the materiality of such testimony is shown and due diligence has been used to procure the witness, unless the attorney for the commonwealth admits upon the trial that the facts which the affiant states will be proven by the witness are true, and having admitted this he can not impeach such witness' general character or contradict such fact.

APPEAL FROM BARREN CIRCUIT COURT.

June 25, 1881.

OPINION BY JUDGE HARGIS:

The appellant offered to prove by L. H. Rousseau what the deceased said in half an hour after he was wounded, and fifty days before he died. This was objected to and excluded, on the ground that the statement of the deceased at the time and in his state of mind was not a dying declaration. Only so much of the avowal as is pertinent to the question of competency will be quoted, as the remainder of it is unquestionably material.

It was avowed that the witness would prove that the deceased, who was fatally wounded, although he lived for fifty days afterwards, said "he had fears that he would not recover from his wound and that he desired to make a statement, so as no false impression should go out in regard to the matter."

This statement, in our opinion, shows that the deceased was under the belief that his wound would prove fatal, and his expression that "he had feared that he would not recover" is equivalent to a statement that he believed he would die, when his condition and the expressed purpose for which he made the declaration is considered. He evidently spoke with a view to the use of what he said as evidence, and the correction of all false impressions about the matter to the prejudice of the accused.

There are many and various modes of expressing a belief that has taken hold of the mind. Often a word accompanied by a look or the pressure of the hand speaks a settled belief more strongly than an extended attempt to explain the condition of the declarant's mind.

The above statement, coupled with the character of the wound, and the fact that, through fifty days of suffering, he never altered it nor abandoned his fears of not recovering, clearly shows that he did not expect to survive the injury. This condition of mind is the necessary prerequisite to the admission of the statements of the deceased as to the circumstances of his death.

Had the accused in good faith used due diligence in his attempt to procure the presence of Geo. A. Hurst, a person really in existence, as a witness, it would have been erroneous to allow

the commonwealth either to impeach his general character or contradict the appellant's affidavit as to what the witness would testify, because whenever a party is entitled to read such an affidavit, or the prosecution consents that he shall do so, its statements must be treated as true, whatever may be the character of their source or the ability of the commonwealth to disprove them. This is the plain meaning of the letter and spirit of Buckner & Bullitt's Crim. Code (1876), § 189, which authorizes a continuance where the materiality of the witness is shown and due diligence used, or the attorney for the commonwealth admits upon the trial that the facts which the affiant states will be proved by the absent witness, are true.

But we are of the opinion that the court did not err in allowing the statements of the affidavit to be contradicted and the character of the witness to be impeached, because the appellant had not shown due diligence in obtaining the presence of this somewhat ubiquitous witness, nor did the attorney for the commonwealth admit that the facts were true.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial, and for further proceedings.

*Porter & Ritter, for appellant.*

*P. W. Hardin, for appellee.*